**RICHARDSON v. MONROE SCRAP MATERIAL CO. et al.**

**No. 5900.**

Court of Appeal of Louisiana. Second Circuit.

May 29, 1939.

Rehearing Denied July 17, 1939.

Certiorari Denied Oct. 30, 1939.

A. B. Parker, of Minden, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellees.

TALIAFERRO, Judge.

This is a companion suit to that of Estelle Coon v. Monroe Scrap Material Company et al., 191 So. 607, No. 5901 on the docket of this Court, decided today. The two cases were consolidated for trial below and here. Separate judgments were rendered and signed below. This course will be followed here.

Plaintiff was the operator of the truck with which defendant's truck collided, resulting in the death of Webb Coon, on which account Estelle Coon sued to recover damages, in said suit No. 5901. He suffered slight physical injury from the accident and sued to recover damages as follows:

| | |
|---|---:|
| Loss of use of his truck throughout the remainder of the ginning season | $1800.00 |
| Value of destroyed truck | 900.00 |
| Physical injuries, shock, etc., received in the accident, pain, suffering and incapacities resulting therefrom | 500.00 |
| Total | $3200.00 |

The allegations of negligence, etc., in the petition are practically the same in substance and effect as those contained in the Estelle Coon suit, and the defendants' answers and defenses herein advanced are also virtually the same as by them made in the other case.

Plaintiff's demand was rejected and he appealed.

█ Plaintiff did not own the truck involved in the collision. His demand for its value is abandoned for this reason. He did not substantiate his claim for loss of earnings because the truck was destroyed and himself disabled for a time. This claim is not discussed in his counsel's brief. We conclude it has also been abandoned.

█ This leaves for consideration the amount he is entitled to recover for the physical injuries sustained in the accident.

The impact propelled plaintiff against the steering wheel and other parts of the truck's cab. He was dazed for a brief time but was able to leave the scene on his own physical efforts. He did not consult a physician until after the lapse of over 36 hours. This physician pronounced his injuries as being trivial. He was confined to bed for three days. A shallow cut one and one-half inches long on the left side of the head, abrasions of the scalp and several contusions of a minor character, include all the objective injury received by him. Naturally he was sore bodily from being violently thrown about the cab. He testified that his neck was very sore and stiff for two weeks; that for one month he could perform no kind of labor, and for three months he could not do a "real hard day's work".

We think an award of three hundred dollars sufficient to indemnify plaintiff.

For the reasons herein assigned, and for those assigned in said case No. 5901, the judgment appealed from is reversed, annulled and set aside, and there is now judgment in favor of plaintiff, Wiley Richardson, and against defendants, Monroe Scrap Material Company, Myer Weldman and Louis Falk, in solido, for Three Hundred Dollars ($300) with legal interest thereon from judicial demand herein, and for costs.